UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KAREN SNIDER | ) |
| | ) |
| v. | ) Case No. 1:16-cv-383 |
| | ) |
| UNITED STATES OF AMERICA *and* | ) |
| HARRY S. MATTICE, *United States* | ) |
| *District Judge* | ) |

REPORT AND RECOMMENDATION

Plaintiff Karen Snider, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude the complaint does not set forth a claim for which relief can be granted and is frivolous, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff brings this action against the United States and United States District Judge Harry S. Mattice because two prior *pro se* actions Plaintiff brought in this Court were dismissed. Inexplicably, Plaintiff brings this action against District Judge Mattice even though District Judge Curtis L. Collier dismissed her two prior actions filed in the Chattanooga division of the Eastern District of Tennessee.[1] She alleges the dismissal of her earlier cases resulted in a denial of her due process rights and a violation of the Equal Protection Clause. She asserts a claim against the United States on the ground that the United States is liable to her for the conduct of the district judges on the basis of the doctrine of respondeat superior.

---

[1] In dismissing her action for failure to state a claim and for lack of personal jurisdiction in Case No. 1:12-cv-423, Judge Collier noted that Ms. Snider is a frequent filer of frivolous *pro se* actions in this Court:

> This is not the first case the Court has heard from *pro se* Plaintiff Karen Snider ("Plaintiff"). In fact, the Court dismissed two similar cases against many of the same defendants in 2010. *See Snider v. Doral Dental, USA, et al.*, No. 1:10-CV-19 (E.D. Tenn. Mar. 2, 2010); *Snider v. Gov't Employees Ins. Co.*, No. 1:10-CV-22 (E.D. Tenn. Mar. 2, 2010). But this court is not the only one. Plaintiff has filed numerous frivolous actions in both this district and the Middle District of Tennessee against these defendants, apparently seeking recompense for unsuccessful past lawsuits.

*Snider v. Steidley & Neal, PLLC,* Case No. 1:12-cv-423, slip op. at 1 (May 31, 2016).

To the extent that Plaintiff has asserted a claim against Judge Matice or Judge Collier in her rambling and muddled fifteen-page complaint, these judges are entitled to judicial immunity. Judicial immunity attaches to actions undertaken in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). An action taken in a judicial capacity is a function normally performed by a judge. *See Stump v. Sparkman,* 435 U.S. 349 (1978). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing *Stump*, 435 U.S. at 356-59). Judge Collier's dismissal of her earlier cases were actions taken in a judicial capacity.

Plaintiff's complaint alleges no conduct on the part of Judge Mattice; her claims against him are completely frivolous and arguably malicious. Finally, there can be no liability against the United States under the doctrine of respondeat superior for the conduct of someone who is not liable to the Plaintiff. In sum, Plaintiff's claims are frivolous, lacking completely in merit.

For the reasons stated herein, it is RECOMMENDED this action be DISMISSED[2] with prejudice and the *in forma pauperis* application be DENIED as moot.

**IT IS SO ORDERED.**

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed=n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).